834 P.2d 950

Teresa T. FLOWERS, Claimant–Appellee,

v.

WHITE'S CITY, INC., d/b/a Carlsbad Inn, and Transamerica Insurance Group, Respondents–Appellants.

No. 13260.

Court of Appeals of New Mexico.

June 5, 1992.

**74**

J. Lee Cathey, Carlsbad, for claimant-appellee.

Gail Stewart, Gallagher, Casados & Mann, P.C., Albuquerque, for respondents-appellants.

## OPINION

APODACA, Judge.

White's City, Inc., and Transamerica Insurance Group (collectively referred to as employer) appeal an order by the workers' compensation judge (judge) awarding claimant Teresa T. Flowers (worker) temporary total disability benefits, medical benefits, vocational rehabilitation, and attorney fees. Employer raises two issues on appeal: (1) whether certain documents forwarded to this court by the Workers' Compensation Administration (Administration) as the "supplemental record proper" can be considered by us on appeal, and (2) whether

there was substantial evidence to support the judge's decision. We hold that the evidence contained in the "supplemental record proper" was not before the judge and thus cannot be considered by this court in determining whether substantial evidence supported the judge's decision. Considering only the record that was before the judge, we also hold that there was not substantial evidence in the whole record to support the judge's decision. We therefore reverse the judge's award of benefits.

## BACKGROUND

Worker was employed by employer in June 1990 when she fell and injured her back. She did not return to work after the accident. She filed a claim for workers' compensation benefits, requesting temporary total disability benefits, permanent total disability benefits, permanent partial disability benefits, vocational rehabilitation, medical expenses, and a lump sum settlement. A mediation conference was held in September 1990. Employer rejected the recommended resolution and requested a formal hearing. After the formal hearing, the judge found, in part, that:

17. The following health care provider's bills ... have not been paid by Employer or Insurer, are for medically necessary treatment of [worker's] job related injuries, and represent treatment reasonable in extent and in cost:

\* \* \* \* \* \*

18. As a direct and proximate result of the accident ..., to a reasonable medical probability, [worker] suffered an injury to the back, hips, and body as a whole.

19. As a direct result of the accident ..., [worker] suffers from disabling pain.

20. For the period June 09, 1990 until present, [worker] is totally temporarily disabled. [Worker] suffered an impairment from an accidental injury arising out of and in the course of employment which prevents her from engaging for remuneration or profit in

any occupation for which she is fitted by age, training, or experience.

\*   \*   \*   \*   \*   \*

22. [Worker's] disability and impairment are the direct and proximate result, to a medically reasonable probability, of the accident of June 09, 1990.

The judge concluded that "[a]s a direct and proximate result of the accident ..., [worker] was rendered temporarily totally disabled from June 09, 1990 until present."

In its docketing statement and at the time this case was originally assigned to our summary calendar, employer's argument that there was not substantial evidence to support these findings and conclusion specifically focused on worker's failure to present any medical evidence to establish that her disability was the result of a work-related accident to a reasonable medical probability, as required by NMSA 1978, Section 52–1–28(B) (Repl.Pamp.1991). After this appeal was assigned to our general calendar, the Administration, in addition to forwarding the record proper to this court, submitted sixteen pages from its correspondence file pertaining to the case. These pages included two form letters to health care providers and physical capacities evaluations forms signed by worker's doctors. They were designated the supplemental record proper. Employer then filed a motion with this court to strike the supplemental record proper, contending that the material contained in it was not before the judge at the hearing and thus could not be considered on appeal. This motion was denied.

DISCUSSION

1.  *Whether the supplemental record proper may be considered by this court.*

■ It is well established in New Mexico that review of administrative proceedings:

"is [generally] limited to the record made in the administrative proceeding, and the courts decline to hear new or additional evidence to review or revise findings of fact made by the administrative tribunal, *especially where the evidence was available and could have been introduced in the administrative tribunal.* To allow findings to be attacked or supported in court by new evidence would substitute the court for the administrative tribunal."

*Swisher v. Darden,* 59 N.M. 511, 515–16, 287 P.2d 73, 76 (1955) (quoting 42 Am.Jur.Public Administrative Law § 224 (1942)) (emphasis added). This court applies the whole record standard of review to decisions of the Administration. *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). Under this standard, although we, as a reviewing court, continue to view the evidence in the light most favorable to the Administration's decision, we must also consider the evidence unfavorable to the Administration's decision in determining whether the evidence is adequate to support the conclusion reached. *Id.* The specific issue presented to us is whether documents available to the judge in the Administrative files but not admitted as evidence at the formal hearing are included in "the whole record" for this court to decide the substantial evidence issue raised on appeal.

Employer focuses its objections on the form letters to health care providers contained in the supplemental record proper. These letters apparently were prepared for the mediation conference. They were not offered or admitted as exhibits by either party at the formal hearing, and there is no evidence that the judge considered them in reaching his decision. Employer's main argument is that, because the form letters were not introduced as evidence at the formal hearing, they were not part of the record proper and cannot be considered by this court on appeal. Worker, on the other hand, claims that this court can consider the form letters because the judge below could have taken judicial notice of the contents of the correspondence file. Additionally, worker argues that this court has already denied employer's motion to strike, and thus the material is part of the record proper and we should not reconsider the issue.

■ Although we agree that an administrative agency may modify the record proper on its own motion, we do not agree that this court may necessarily consider the added material in determining whether there is substantial evidence to support the judge's decision. We need not reconsider our denial of employer's motion to strike because we conclude that, although the material is now included in the record on appeal, nonetheless, we may not consider it in determining whether substantial evidence in the whole record supports the judge's decision.

In administrative appeals, the administrative entity is to be substituted for "district court" in other appellate rules. SCRA 1986, 12–601(C) (Cum.Supp.1991). "If anything material to either party is omitted from the record proper by error or accident," the district court may correct the error on its own motion. SCRA 1986, 12–209(C) (Cum.Supp.1991). Thus, the Administration may correct the record proper in the same manner as the district court. However, the presence of documents in the record proper does not automatically mean that the information they contain is evidence of record or that it is legally admissible. *See, e.g., State v. Hewitt,* 108 N.M. 179, 183, 769 P.2d 92, 96 (Ct.App.1988) (polygraph test results contained in letter that was part of record proper on appeal held not to contain legally admissible evidence).

■ Worker concedes that rejection by either party of a recommended resolution of a mediation conference results in a *de novo* determination of all issues in a formal hearing. WCA R. 89–1(VI)(D)(2), Mediations (1989). Worker nevertheless argues that the judge could have taken judicial notice of the contents of the correspondence file, and, thus, this court can likewise take judicial notice of the documents. We disagree. The Administration's regulations state that the judge "may take judicial notice of the same facts as the District Judges of the District Court[s] for the State of New Mexico." WCA R. 89–2(XI)(A), Formal Hearing Rules (1989). A judge may take judicial notice of an adjudicative fact even if judicial notice is not requested by a party. SCRA 1986, 11–201(C). However, "[a] judicially noticed fact must be one not subject to reasonable dispute." R. 11–201(B); *see also Rozelle v. Barnard,* 72 N.M. 182, 382 P.2d 180 (1963) (uncertainty of a fact precludes taking judicial notice of it). The issue of whether worker's disability had been caused by the June accident was a key point of contention between the parties and was one reason employer rejected the proposed mediation resolution. Thus, the facts relating to causation could be deemed "subject to reasonable dispute." Additionally, worker does not argue that the facts contained in the documents belong in one of the three categories of facts not subject to reasonable dispute. *See* R. 11–201(B).

Most importantly, worker does not claim that the judge actually took judicial notice of the contents of the Administration's correspondence file, and the record does not indicate that he did so. If the judge had taken judicial notice of the documents and their contents, employer would have to have been notified so that it could contest the propriety of taking judicial notice. *See* R. 11–201(E).

In summary, although worker may be correct that the documents contained in the supplemental record proper could have been admitted as evidence at the formal hearing, the simple fact is that they were not. Consequently, they cannot be considered by us as competent evidence in support of the judge's decision. *Cf. Groendyke Transp., Inc. v. New Mexico State Corp. Comm'n,* 101 N.M. 470, 476, 684 P.2d 1135, 1141 (1984) ("Additional evidence not presented at the administrative hearing, nor offered under a recognized exception, may not later be heard by the district court sitting in the posture of an appellate court.") We hold that our review to determine whether substantial evidence supports the judge's findings and conclusions is limited to the evidence that was actually before the judge.

2. *Whether substantial evidence supports the judge's decision.*

■ Section 52–1–28(B) provides that "[i]n all cases where the employer or his

insurance carrier deny that an alleged disability is a natural and direct result of the accident, the worker must establish that causal connection as a probability by expert testimony of a health care provider ... testifying within the area of his expertise." Employer denied that worker's disability was the result of a work-related accident. Worker was therefore required to present expert medical evidence to establish a causal connection to a reasonable medical probability between her disability and the accident. *See Archuleta v. Safeway Stores, Inc.*, 104 N.M. 769, 727 P.2d 77 (Ct.App. 1986). Failure to do so would preclude recovery. *Id.*

No medical experts testified at the formal hearing, either by deposition or otherwise. Worker claims that certain exhibits introduced at the hearing established medical causation. Having reviewed the record of the hearing, we conclude that these exhibits did not establish the required causation. A letter from Dr. Erikson, one of worker's doctors, made no reference to the cause of worker's disability. A three-page set of progress notes from a medical clinic included only a narrative from worker describing her physical complaints and her accident. These notes did not include any statement by an identified medical expert regarding the cause of worker's disability. Similarly, another letter from Dr. Erikson included a narrative by worker but no opinion by the doctor regarding causation. The last document worker points to is a six-page collection of notes regarding her physical therapy. These notes also lacked any statement regarding the cause of worker's disability. We thus determine that worker failed to present evidence to the judge demonstrating that her disability was caused by her work-related accident to a reasonable medical probability. *See Baca v. Bueno Foods,* 108 N.M. 98, 766 P.2d 1332 (Ct.App.1988).

CONCLUSION

We hold that evidence that was not properly introduced at the hearing before the judge cannot be considered by this court in determining whether substantial evidence in the whole record supported the judge's decision. Additionally, we conclude that there was not substantial evidence in the whole record to support the judge's conclusion that worker's disability was caused by her work-related accident to a reasonable medical probability. We thus reverse.

IT IS SO ORDERED.

MINZNER and FLORES, JJ., concur.