This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40916

**JOHN GLENN FORSYTHE,**

Petitioner-Appellant,

v.

**CHRISTINA BAILEY FORSYTHE,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

John Glenn Forsythe
Albuquerque, NM

Pro Se Appellant

Christina Bailey Forsythe
Krum, TX

Pro Se Appellee

## DECISION

**IVES, Judge.**

**{1}** Petitioner John Glenn Forsythe appeals an order by the district court, which adopted a hearing officer's report requiring Petitioner to pay Respondent Christina Bailey Forsythe unpaid spousal support in the amount of $1,582.82. Petitioner argues that this amount was erroneously calculated—specifically, that the district court should have found that he made two payments in November 2020, totaling $1,515.00. We affirm.

**{2}** "The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred." *Corona v. Corona*,

2014-NMCA-071, ¶ 26, 329 P.3d 701. Relatedly—and critically here—the appellant, whether self-represented or represented by counsel, "must ensure that the necessary record is placed before an appellate court." *Padilla v. Torres*, 2024-NMSC-007, ¶ 32, 548 P.3d 31. "And where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence." *Id.* ¶ 33 (text only) (citation omitted).

**{3}**     Petitioner challenges a finding which the hearing officer expressly stated was "[b]ased on the parties' [e]xhibits," but the exhibits are not in the record. Petitioner did not designate the exhibits from the district court to this Court, as directed by this Court's general calendar notice and required by our rules. *See* Rule 12-212(A) NMRA. Instead, contrary to our rules, Petitioner attached what purport to be excerpts of two bank statements from 2020—one statement from his bank account and the other from Respondent's—to his brief in chief. *See* 12-318(F)(4) NMRA (prohibiting the attachment of documents to briefs). Petitioner relies on the bank statements to establish that he transferred funds from his bank account to Respondent's bank account twice in November 2020, and that the total amount of those transfers was $1,515.00.

**{4}**     We are unable to adequately perform our review of the district court's factual determination without access to the actual exhibits considered by the district court. The law requires us to review factual determinations for substantial evidence. *See In re Yalkut*, 2008-NMSC-009, ¶ 18, 143 N.M. 387, 176 P.3d 1119. "Substantial evidence is *such relevant evidence* that a reasonable mind would find adequate to support a conclusion." *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 (emphasis added) (internal quotation marks and citation omitted). The exhibits, expressly relied upon, would be such relevant evidence. And without them, our review is impossible.

**{5}**     We have no way of knowing whether the documents attached to Petitioner's brief were, in fact, presented to the district court, and we have strong reason to doubt one of the documents was presented to the district court. That doubt is based on Petitioner's docketing statement, to which he attached substantively the same bank statements that he attached to his brief in chief. In his docketing statement, he conceded that one of the two attachments—a document that is purportedly his bank statement showing the outgoing transfers of funds—"[was not] included as an exhibit during the motion hearing due to a long delay in receiving [the] statement." When determining whether substantial evidence supported the district court's decision, we cannot consider evidence that was not presented to the district court. *See Flowers v. White's City, Inc.*, 1992-NMCA-062, ¶ 10, 114 N.M. 73, 834 P.2d 950; *see also Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (text only) (citation omitted)); *Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922 ("It is improper to attach to a brief documents which are not part of the record on appeal."). Our role is not to redo the proceedings that occurred in the district court by taking new evidence. We must "review[] the case litigated below, not the case that is fleshed out for the first time on appeal." *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (internal quotation marks and citation omitted).

**{6}** Finally—even if both of the documents attached to Petitioner's brief in chief were admitted as exhibits in the district court and even if Petitioner had made those exhibits part of the record on appeal—the record would still be inadequate. The exhibit log does not list just two exhibits; it lists twelve. To review the allocation of payments, we must have a complete record of all payments considered by the district court in calculating the amount owed. Petitioner instead asks this Court to conclude that the district court improperly disregarded payments in November 2020 without the context of all of the evidence supporting payments made and received between the parties.

**{7}** When, as in this case, the record is incomplete, "every presumption is indulged in favor of the correctness and regularity of the [district] court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *See Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75. We therefore presume that the evidence adequately supports the district court's refusal to find that Petitioner made the two payments in November 2020. *See Padilla*, 2024-NMSC-007, ¶ 33. Because Petitioner failed to carry his burden of establishing that the district court erred, *see Corona*, 2014-NMCA-071, ¶ 26, we affirm.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**