**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 29,210**

**CREIGHTON M.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Creighton M. (Child) appeals from the judgment and disposition, adjudicating Child to have violated his probation and committing him to the custody of CYFD for a period of a year with residential treatments as appropriate. [RP 167] Child contends that the evidence presented at Child's probation revocation hearing was not sufficient

to support finding that Child violated his probation. [DS 3] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Child has filed a memorandum in opposition. [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

In the memorandum, Defendant continues to contend that the State presented insufficient evidence to prove that Child violated the terms of his probation. [MIO 2] Child's memorandum confirms the facts this Court relied upon in the calendar notice except for the admission of laboratory test results for cocaine ingestion. [MIO 1-3] The memorandum reveals that the State did not present evidence that Child had violated his probation by ingesting cocaine. [MIO 2-3] Child acknowledges, however, that the State presented evidence that Child violated the probation condition that prohibited him from possessing or consuming alcohol, and Child continues to assert that the State's evidence on this issue was insufficient to support revocation of his probation. [MIO 3-5] In continuing to argue for reversal of the revocation of his probation, Child relies on *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). We are not persuaded.

NMSA 1978, Section 32A-2-24 (B) (1993), provides in applicable part that "[t]he standard of proof in probation revocation proceedings shall be evidence beyond a reasonable doubt and the hearings shall be before the court without a jury."

"Before a court can find Child to have violated his probation, evidence tending to establish his own willful conduct beyond a reasonable doubt must have been presented to the court." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also In re Aaron L.*, 2000-NMCA-024, ¶ 24, 128 N.M. 641, 996 P.2d 431 ("[The] Children's Code and the Children's Rules both mandate that juveniles be afforded the same rights and procedures in revocation proceedings that they are afforded in delinquency proceedings[.]"). In determining whether there was sufficient evidence to support the district court's revocation of Child's probation, we apply the Rules of Evidence and view the evidence presented in a light most favorable to the State indulging all reasonable inferences in favor of the district court's judgment. *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

In this case, the State filed a petition to revoke Child's probation on August 27, 2008. [RP 143] The State asserted that Child had violated conditions numbers 1, 2, 4, and 8 of his probation agreement. [Id.] The alleged violations included the following: Child did not have permission to be away from his residence on August 23, 2008; Child had not notified surveillance of his whereabouts when seen driving on August 23, 2008; Child was observed to be under the influence of alcohol by Officer Stock on August 23, 2008; and Child tested positive for cocaine on August 26, 2008. [Id.] The memorandum indicates that the State presented evidence to support

3

revocation of Child's probation on the grounds that he was observed to be under the influence of alcohol by Officer Stock on August 23, 2008. [MIO 2-3]

Officer Stock testified that on August 23, 2008, he observed Child at his place of employment, a car wash establishment, and could smell alcohol on Child. [DS 2, MIO 1] In addition, Child swayed back and forth when he spoke to the officer. [Id.] Officer Stock also testified that Child eventually admitted to drinking a couple of beers the night before. [DS 2, MIO 2] The officer further testified that Child had bloodshot, watery eyes. [DS 2, 3, MIO 2] Child testified that on August 23, 2008, he was working with a chemical (acid) at the car wash, which was why he smelled of alcohol at the time he talked with Officer Stock. [DS 3, MIO 2] Child denied admitting to Officer Stock that he had been drinking. [Id.]

We hold that the State presented substantial evidence that Child had violated his probation agreement by consuming alcohol. To the extent the officer's and Child's testimony conflicted, the district court determined Officer Stock's testimony to be more credible than Child's testimony. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."); *see State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis

4

for reversal because the jury is free to reject [the defendant's] version of the facts.").

**CONCLUSION**

We affirm the judgment and disposition revoking Child's probation.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**