This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                                    **NO. 30,730**

**MARVIN N.,**

    Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Court Judge**

Gary K. King, Attorney General
Santa Fe, New Mexico
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline Cooper, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Child seeks reversal of the district court's revocation of his probation. On appeal, Child contends that there was insufficient evidence to support the revocation of his probation. For the reasons that follow, we affirm.

**BACKGROUND**

In September 2009, Child was placed on probation for driving under the influence, driving without a license, and driving with an expired registration. In relevant part, Child's probation terms required that Child satisfactorily complete "outpatient and/or residential treatment and follow all aftercare recommendations," and prohibited Child from "consum[ing], possess[ing], or be[ing] in the presence of anyone possessing weapons, alcohol or drugs."

Child argues that the evidence presented below was insufficient to result in the revocation of his probation. Applying the rules of evidence, we must determine whether there was sufficient evidence to uphold the decision below, viewing the evidence in a light most favorable to the verdict and indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the district court's judgment. *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. The question is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318.

A juvenile probation violation must be proved beyond a reasonable doubt. *Erikson*, 2002-NMCA-058, ¶ 21. To establish a violation of a probation agreement, "evidence tending to establish his own willful conduct beyond a reasonable doubt must have been presented to the court." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339. While the burden of proving a willful violation always remains on the State, after the State presents a prima facie case of a violation, the burden shifts to Child to come forward with evidence that the failure to comply was through no fault of his own. *State v. Martinez*, 108 N.M. 604, 606-07, 775 P.2d 1321, 1323-24 (Ct. App. 1989). There is no shifting of the burden of proof, but a shifting of the burden of going forward with evidence to meet or rebut a presumption that has been established by the evidence. *Id.* In *Martinez*, we stated that

> [o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance. If the [district] court finds that his failure to comply was not willful, but resulted from factors beyond his control and through no fault of his own, then probation should not be revoked. However, if defendant fails to carry his burden, then the [district] court is within its discretion in revoking.

*Id.* (citations omitted).

**DISCUSSION**

The evidence is uncontroverted that Child was discharged from his aftercare program. The parties disagree over whether there was sufficient evidence that Child's

3

probation violation was willful. However, the evidence does not support the argument that Child's violation was through no fault of his own. The State called Child's juvenile probation officer who testified that she had gone through the entire agreement with Child to ensure that he understood the agreement and what conditions he was required to follow. Child was on notice that in order to maintain his probation, he was required to successfully complete the required treatment and aftercare programs. This meant that he was required to make good faith efforts to comply with the program's requirements.

Here, Child failed to illustrate either a lack of willfulness or lawful excuse. Instead, Child argued that he had been wrongly discharged, claiming that he had not engaged in any of the misconduct that caused his dismissal. However, the district court heard testimony from both Child's case manager and the facility manager regarding Child's discharge and the incident in question. The case manager testified that on April 17 and 18, 2010, Child had been home on a pass from his aftercare facility. The day after Child returned, the facility staff was notified that there were facility residents drinking alcohol on the premises. The facility manager observed Child talking with slurred speech, acting out of character, and socializing with an intoxicated resident. The case manager searched the facility, including the residents' personal lockers and bedrooms. During the search, the case manager found an empty

4

bottle of vodka under Child's top bunk mattress and a glass that both staff members testified smelled like alcohol within arm's reach of the top bunk. The case manger instructed Child to open his personal locker that was locked at the time of the search. Inside, he found a bottle containing a red liquid. The case manager tested the red liquid using an oral swab test that is normally used inside an individual's mouth to test for alcohol. The test indicated that the red liquid contained alcohol.

The facility manager testified that Child had a number of issues at the facility, including not attending some drug and alcohol counseling sessions. He further testified that he had received reports that Child tested positive for cocaine and THC, but the test results were not entered into evidence. The facility manager testified that he took part in the discharge decision, and Child was discharged for his misconduct in possessing alcohol and his positive drug test results.

Child argues that without a finding that he was actually in possession of alcohol beyond a reasonable doubt, the State's case is insufficient. However, while the district court did not find that Child possessed alcohol, this does not mean that the court declined to consider any evidence of Child's possession of alcohol and intoxication at the facility to support its conclusion that Child had willfully violated the conditions of his probation. We hold that based on the above outlined testimony, there was sufficient evidence of Child's misconduct, combined with firsthand knowledge of the

5

testifying staff members that Child was discharged based on his misconduct.

Child additionally argues that the Court erroneously admitted evidence regarding Child's failed drug tests and the results of the mouth swab test conducted on the liquid found in Child's locker. Child argues that the evidence of the drug tests constituted hearsay because the testifying facility manager had received second-hand information, and the reliability of using an oral swab test in a liquid had not been properly established. Assuming that such evidence was admitted improperly, we consider the effect of their improper admission. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]" Rule 11-103(A) NMRA. Child concedes that the district court gave no substantive value to the results of the mouth swab test and that the district court stated that the drug test results were not admissible as substantive evidence that Child had, in fact, failed such tests. Instead, this evidence was admitted to establish the witnesses' knowledge of Child's history at the facility. We deem it noteworthy that this was a bench trial, and "the general rule pertaining to that type of trial appears to give a judge more flexibility in making admissibility determinations than in jury trials." *See, e.g.*, *Tartaglia v. Hodges*, 2000-NMCA-080, ¶ 30, 129 N.M. 497, 10 P.3d 176. We presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the

6

judge must have relied upon the improper evidence in rendering a decision. *State v. Hernandez,* 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156. Because other substantial evidence supports the revocation of Child's probation and Child concedes that any allegedly erroneously admitted evidence was given no substantive value, any erroneous admission of evidence was harmless.

In sum, the State presented sufficient evidence that Child violated his probation agreement. Because there was competent evidence that Child willfully violated a substantial condition of his probation, the district court did not err in revoking his probation.

**CONCLUSION**

For the foregoing reasons, we affirm the revocation of Child's probation.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**