2002-NMCA-058

46 P.3d 1258

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**ERICKSON K., Child–Appellant.**

**No. 22,182.**

Court of Appeals of New Mexico.

March 20, 2002.

Certiorari Granted, No. 27,464,
May 17, 2002.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

BOSSON, Chief Judge.

{1} In this appeal, we decide whether the Rules of Evidence apply to probation revocation hearings for juveniles, or whether, contrary to those rules, revocation may be based solely on hearsay evidence. Determining that the hearsay rule does apply, we reverse and remand for a new hearing.

## BACKGROUND

{2} In August 2000, after admitting to one count of conspiracy to commit burglary, Child was adjudicated delinquent and placed on supervised probation for a period not to exceed two years. Child's probation agreement required him to abide by all terms and conditions of a residential treatment program, meet satisfactory requirements for discharge from the program, and participate in an aftercare plan. Child began his placement at Desert Hills Residential Treatment Center in Albuquerque in September 2000. In November 2000, the State filed a petition to revoke Child's probation, alleging that he had absconded from Desert Hills in violation of the terms of his probation. The children's court issued a bench warrant, and Child was arrested within a month.

{3} The children's court held a detention hearing on January 11, 2001. Child entered a formal denial of the allegations in the State's petition, and the matter was set for trial. On January 22, 2001, the children's court held a formal adjudicatory hearing to determine whether Child had violated the terms of his probation.

{4} In the course of the hearing, Child moved to dismiss the petition because the State's entire case was based on hearsay, and there was no admissible evidence proving that Child had left Desert Hills contrary to the terms of his probation. The court denied Child's motion, and indicated that it could take judicial notice of "matters on file in the case." Ultimately, the court found that Child had absconded from Desert Hills, as alleged in the petition and contrary to the terms of his probation. Upon the State's recommendation, the court ordered that Child be committed to CYFD for an indeterminate period not to exceed two years.

## DISCUSSION

{5} As a preliminary matter, we note that Child properly preserved his hearsay argument, and alerted the trial court in a timely manner to his claim that the Rules of Evidence apply to this proceeding. He did this by objecting to some of the hearsay testimony as it was elicited and by moving to dismiss for insufficient evidence at the close of the case on the ground that there was no admissible testimony to prove the violation. *See, e.g., Fuentes v. Santa Fe Pub. Schs.,* 119 N.M. 814, 818, 896 P.2d 494, 498 (Ct.App. 1995) (stating, under some circumstances, that a question raised during closing argument was adequately preserved).

### Whether the Rules of Evidence Apply to Juvenile Probation Revocation

{6} Both sides look for authority to the Children's Code and the Children's Court Rules. Thus, we are presented with a pure question of law which we review de novo. *State v. Adam M.,* 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40 (stating that interpretation of the Children's Code is a question of law to be reviewed de novo); *see also State v. Wilson,* 1998–NMCA–084, ¶ 8, 125 N.M. 390, 962 P.2d 636 (using de novo standard to review district court's application of a Supreme Court rule). We first review the proceedings below in more detail.

{7} At the January 11, 2001, detention hearing, Child's juvenile probation officer (JPO), without being placed under oath, recounted what he had been told by personnel at Desert Hills—that Child had left the facili-

ty without completing the program. In response to a question from defense counsel, the JPO showed counsel a report from Desert Hills, but the document was never placed into evidence or otherwise made part of the record or the official file. The State does not claim that the children's court judge ever saw the report, and it is not part of our record on appeal.

{8} At the January 22, 2001, formal adjudicatory hearing, the JPO testified under oath that Child had failed to complete the program at Desert Hills. The JPO had no firsthand knowledge of this allegation. The JPO went on to testify that in the past, before Child was assigned to his supervision, Child had absconded from other treatment programs, and that this demonstrated an unwillingness to comply with the terms of probation. On cross-examination, the JPO was unable to say how much longer Child needed to remain at Desert Hills to successfully complete that program. Child then moved unsuccessfully to dismiss the petition due to the State's failure to submit any non-hearsay evidence upon which the court could find a probation violation.

{9} For legal authority, Child looks initially to the Children's Court Rules. In a sweeping statement, Rule 10–115 NMRA 2002 provides that "[e]xcept as otherwise provided by these rules, the New Mexico Rules of Evidence shall govern all proceedings in the children's court." Focusing specifically on juvenile probation revocation, Rule 10–232(C) NMRA 2002 of the Children's Court Rules provides that "[p]roceedings to revoke probation shall be conducted in the same manner as proceedings on petitions alleging delinquency." It is undisputed that "petitions alleging delinquency" are adjudicated in accord with the Rules of Evidence. *See* Rule 10–227 NMRA 2002 (stating that adjudicatory hearings in delinquency cases are to be conducted in the same manner as trials are conducted under the rules of criminal procedure). Child also points to the Children's Code for authority. *See* NMSA 1978, § 32A–2–24(B) (1993) (providing that juvenile probation revocation proceedings are to be "governed by the procedures, rights

and duties applicable to proceedings on a delinquency petition").

{10} Thus, Child draws from both the procedural rules for children's court and the statutes that specifically apply to children to conclude that juvenile probation revocation proceedings are governed by the Rules of Evidence. Child emphasizes that neither those rules nor any statutes have provided "otherwise," either for children's court proceedings generally, or juvenile probation revocation proceedings in particular. Rule 10–115.

{11} The State responds with a rule citation of its own. The committee commentary to Rule 10–115 observes that Rule 10–115 "carries forth the provision of Rule of Evidence 11–1101 [NMRA 2002] that the Rules of Evidence apply to all the courts of the state." The committee commentary continues that Rule 11–1101(D)(2) "makes the [R]ules [of Evidence] inapplicable" to certain miscellaneous proceedings that specifically include proceedings "granting or revoking probation" and "dispositional hearings in children's court proceedings." Thus, the State argues that the Rules of Evidence, according to their own terms, do not apply to Child because a juvenile probation revocation is just such a miscellaneous proceeding that the Rules of Evidence intend to exclude as "inapplicable."

{12} Our first inquiry is whether the reference in Rule 11–1101(D)(2), that makes the rules "inapplicable" to proceedings "granting or revoking probation," encompasses only adult probation revocation proceedings or whether it includes juvenile proceedings as well. We begin with the complete Rule 11–1101(D):

> D. **Rules inapplicable.** The [R]ules [of Evidence], other than those with respect to privileges, do not apply in the following situations:
>
> . . .
>
> (2) **Miscellaneous proceedings.** Proceedings for extradition or rendition; sentencing by the court without a jury, or granting or revoking probation; issuance of warrants for arrest, criminal summonses and search warrants; proceedings with respect to release on bail or otherwise; dispositional hearings in children's court proceedings; and issuance of *ex parte* custody orders, custody hearings, permanency hearings and judicial review proceedings in abuse and neglect proceedings.

{13} It is apparent from the text of Rule 11–1101(D)(2) that miscellaneous proceedings are grouped by subject matter and jurisdiction. The phrase "sentencing by the court without a jury, or granting or revoking probation" refers to adult proceedings only. Juveniles do not receive sentences; they are given dispositions. *See* NMSA 1978, § 32A–2–16(F) (1993) (providing, in the Children's Code, that once the court finds beyond a reasonable doubt on the adjudicatory issues that a child is delinquent, the court then proceeds "to make disposition of the case").

{14} When Rule 11–1101(D)(2) subsequently refers to "dispositional hearings in children's court proceedings," it speaks specifically of juveniles and what, in adult court, would be the sentencing phase. But there is no reference to probation revocation proceedings in this one portion of Rule 11–1101(D)(2) that specifically includes children. In the final analysis, the State's interpretation of Rule 11–1101(D)(2) does not persuade us. We conclude from its text that Rule 11–1101(D)(2) makes the Rules of Evidence "inapplicable" to proceedings "granting or revoking probation" with respect to adults, but not juveniles.

{15} Nor is this a "dispositional hearing in children's court" to which the Rules of Evidence are equally "inapplicable." The State argues that, because juvenile probation revocation proceedings concern dispositional matters, the Rules of Evidence do not apply. However, a hearing held to determine whether a juvenile has violated the terms of a probation agreement is adjudicatory in nature; it adjudicates the facts alleged in the petition to revoke and denied by the juvenile. *See In re Aaron L.*, 2000–NMCA–024, ¶ 14, 128 N.M. 641, 996 P.2d 431 (describing a juvenile's rights during probation revocation, including the right to deny the allegations in the petition and have a trial on the allegations). An allegation of a juvenile probation violation is treated as if it were a charge

brought in a delinquency proceeding. *Id.* ¶ 19; *see also State v. Tony G.,* 121 N.M. 186, 188, 909 P.2d 746, 748 (Ct.App.1995) (stating that a child has a constitutionally protected liberty interest in his probationary status).

{16} Defendant accurately characterizes his probation revocation hearing in this case as a "mixed" type of proceeding, which concerned both dispositional and adjudicatory issues. But only dispositional matters are excluded from the Rules of Evidence by Rule 11–1101(D)(2). The legislature appears to have anticipated the evidentiary issues that might arise from such a "mixed" proceeding.

> In that part of the hearings held under the Delinquency Act on *dispositional issues,* all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value *even though not competent had it been offered during the part of the hearings on adjudicatory issues.*

Section 32A–2–16(G) (emphasis added); *see also* § 32A–2–24 (probation revocation proceedings to be conducted as outlined in Section 32A–2–16).

{17} The legislature further indicates in Section 32A–2–24(B) that the adjudicatory aspects of juvenile probation revocation must be considered independently of dispositional matters, which are addressed only after a probation violation is found:

> If a child is found to have violated a term of his probation the court may extend the period of probation or make any other judgment or *disposition* that would have been appropriate in the original disposition of the case.

(Emphasis added.) Therefore, the children's court must take pains to maintain some separation between disputed adjudicatory issues and the dispositional matters that arise as a consequence of that adjudication. The difference in applying the Rules of Evidence is just one indicium of this separation.

{18} Our conclusion that the Rules of Evidence apply to the adjudicatory phase of juvenile probation revocation proceedings is consistent with our long legislative and judicial tradition of affording juveniles enhanced procedural protections as compared to adults. For example, the revocation of a juvenile's probation requires proof beyond a reasonable doubt, whereas adult probation revocations require a lesser standard of "reasonable certainty." *Tony G.,* 121 N.M. at 190, 909 P.2d at 750; *see* Section 32A–2–24(B). Juvenile probation violations must be alleged in a formal petition, whereas adult probation violations require only a written report and are addressed at a hearing, which may be informal. *Compare* NMSA 1978, § 31–21–15 (1989) *with* § 32A–2–24(A); *see also State v. Javier M.,* 2001–NMSC–030, ¶¶ 39, 48, 131 N.M. 1, 33 P.3d 1 (concluding that the legislature intended to provide children with greater protection with regard to police interrogations than is afforded to adults).

{19} The State correctly points out that this Court has previously held that the Rules of Evidence do not apply to juvenile probation revocation proceedings, and the State urges us to remain constant to those decisions. In *State v. Doe,* 104 N.M. 107, 108, 717 P.2d 83, 84 (Ct.App.1986), a case involving a juvenile, we stated that the Rules of Evidence are inapplicable to probation revocation proceedings. *See also Tony G.,* 121 N.M. at 190, 909 P.2d at 750 (relying on *Doe* for the same result). However, our decision in *Doe* was based largely upon due process considerations not germane here, and it relied upon *State v. Vigil,* 97 N.M. 749, 751, 643 P.2d 618, 620 (Ct.App.1982), in which we held the Rules of Evidence were inapplicable to probation revocation proceedings for adults. *Vigil* did not involve juveniles. In none of these cases has this Court attempted an analytical and textual comparison between probation revocation proceedings for juveniles and adults and the procedural rules and statutes that guide those proceedings. Thus, our decisions in *Doe, Tony G.,* and *Vigil* did not address the arguments Child makes successfully today, based specifically on Children's Court Rules 10–115 and 10–232, and the Children's Code, Section 32A–2–16(G) and Section 32A–2–24.

{20} It is well established that "cases are not authority for propositions not considered." *State v. Frank,* 2001–NMCA–026, ¶ 5, 130 N.M. 306, 24 P.3d 338. We cannot be

bound by precedent built on arguments that have since been abandoned when we are faced with newly framed and persuasive arguments never made before. As an appellate court, we have an obligation to keep an open mind to new arguments and authorities. Therefore, we hold that Rules 10–115 and 10–232 apply and incorporate the Rules of Evidence into the adjudicatory phase of probation revocation proceedings for juveniles, absent some future change in the Children's Court Rules or the Children's Code indicating to the contrary. Henceforth, *Doe* and *Tony G.* are no longer to be cited for the contrary proposition as it pertains to juveniles.

**Sufficiency of Evidence**

{21} Defendant contends that there was insufficient admissible evidence to support revoking his probation. A juvenile probation violation must be proved beyond a reasonable doubt. Section 32A–2–24(B). Applying the Rules of Evidence, we must determine whether there was sufficient evidence to uphold the decision below, viewing the evidence in a light most favorable to the State and indulging all reasonable inferences in favor of the trial court's judgment. *Tony G.*, 121 N.M. at 190, 909 P.2d at 750.

{22} The only evidence presented by the State in support of the petition to revoke Defendant's probation was the JPO's hearsay testimony that Defendant had absconded from Desert Hills. The Rules of Evidence prohibit the use of hearsay testimony, unless a recognized exception applies. *See* Rules 11–801, –802, –803 NMRA 2002. The State did not present the testimony of a Desert Hills' staff member who might have had firsthand knowledge of Defendant's situation, nor did the State establish the unavailability of such a staff member. *See* Rule 11–804 NMRA 2002; *see also State v. Lopez*, 1996–NMCA–101, ¶ 21, 122 N.M. 459, 926 P.2d 784 (stating that when a hearsay declarant is not present for cross-examination, a showing of unavailability is required and, even then, the statement is only admissible if it bears adequate indicia of reliability). Furthermore, the State made no attempt to present documentation that might have been admissible under a recognized hearsay exception. *See, e.g.*, Rule 11–803(F) (describing the hearsay

exception for records of regularly conducted business activity). In sum, the State presented no admissible evidence to prove that Defendant violated the terms of his probation by failing to complete the program at Desert Hills. *Cf. In re Darcy S.*, 1997–NMCA–026, ¶ 13, 123 N.M. 206, 936 P.2d 888 (affirming trial court, despite admission of hearsay evidence, where there was ample other evidence to support the court's decision to transfer child to adult court).

{23} The State argues that the children's court could also rely on matters in the record in determining that there was sufficient evidence to revoke Defendant's probation. The State contends that, pursuant to Rule 11–201 NMRA 2002, the court properly took judicial notice of the probation agreement and the bench warrant, as well as the subsequent transportation order, which indicates that Defendant was apprehended and held in detention. In particular, the State emphasizes the bench warrant, arguing that there would have been no reason to issue a bench warrant if Defendant had not absconded from Desert Hills in violation of his probation agreement.

{24} We are not persuaded. A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Rule 11–201(B). Such facts must be "matters of common and general knowledge ... [which are] ... well established and authoritatively settled." *State v. Torres*, 1999–NMSC–010, ¶ 41, 127 N.M. 20, 976 P.2d 20 (citations omitted). However, the Rules of Evidence do not permit judicial notice, without formal introduction of evidence, of facts essential to support the very issue being adjudicated. *See Gonzales v. Surgidev Corp.*, 120 N.M. 133, 143, 899 P.2d 576, 586 (1995); *Flowers v. White's City, Inc.*, 114 N.M. 73, 76, 834 P.2d 950, 953 (Ct.App.1992) (stating that a document contained in the record proper, related to a "key point of contention between the parties," is "subject to reasonable dispute" and not appropriate for judicial notice). The State fails to cite any authority in support of the novel proposition that a bench warrant, based on a mere allegation of a violation, could be used to prove the fact of that violation. *See* Rule 10–206(B) NMRA 2002; *see also* Rule 5–208(D) NMRA 2002 (issuance of a warrant requires only probable cause and may be based on

hearsay). We find nothing in the record proper sufficient to establish, beyond a reasonable doubt, that Defendant failed to complete the program at Desert Hills as required by the terms of his probation.

{25} While it is true that the State failed to present sufficient admissible evidence to support the revocation of Defendant's probation, we must consider all of the evidence presented, including the wrongfully admitted evidence, to determine whether to remand for a new hearing. *See State v. Post*, 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct.App. 1989). We conclude that there is sufficient evidence to support a determination that Child violated his probation and, therefore, we remand for a new hearing.

## CONCLUSION

{26} We reverse and remand for a new hearing on the petition to revoke Defendant's probation.

{27} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CYNTHIA A. FRY, Judges.