This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 29,594**

**EMANUEL B.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VIGIL, Judge.**

Child appeals the revocation of his probation. [RP 71] He relies on *State v. Erickson K.,* 2002-NMCA-058, ¶¶ 21-25, 132 N.M. 258, 46 P.3d 1258, arguing that the revocation was not supported by firsthand knowledge. [DS 3] Our notice proposed to affirm. Child filed a memorandum in opposition. We have considered the arguments in Child's memorandum, but are not persuaded the evidence is insufficient to support the revocation of his probation. Accordingly, we affirm.

**DISCUSSION**

A juvenile probation violation must be proved beyond a reasonable doubt. *Id.* ¶ 21. On appeal, we view the evidence in the light most favorable to the State and indulge all reasonable inferences in favor of the trial court's order. *Id.*

Child is correct that *Erickson K.* requires firsthand knowledge. In that case, we found the evidence insufficient where the only evidence was the Juvenile Probation Officer's hearsay testimony that the child had absconded from a treatment program. *Id.* ¶¶ 22, 24. We held that to support revocation of probation the State must produce firsthand knowledge of the situation.

This case is distinguishable because there was much more than the scant hearsay evidence produced in *Erickson K.* The evidence is that Child was home from residential treatment on a pass, and went to a park. [RP 61] Child's Mother testified that when she next saw him he appeared to be intoxicated and smelled of

alcohol. [DS 2; RP 61] An officer from the Juvenile Probation Office also testified that Child appeared to be intoxicated. [DS 2; RP 62]  Most significantly, Child's mental health therapist from the treatment program testified that Child was discharged from the program based on Child's conduct during Child's home pass. [DS 3; RP 62-63] This testimony, along with the other evidence,  makes this case distinguishable from *Erickson K.*  In *Erickson K.,* the State did not present a staff member from the residential treatment center, which we considered necessary. *Id.* ¶ 22.  Here, the State did present a staff member to verify that Child was discharged [DS 3], and why.  The State also presented the testimony of two witnesses whose testimony further explained the situation that resulted in Child being discharged from the residential treatment program.

Child argues that without a finding that he was intoxicated, the State's case is insufficient.  He relies on the fact that when the juvenile probation officer attempted to testify about the read out from the portable breath testing machine, the court would not allow it. [RP 62] A review of the tape log indicates that the court, in making it ruling revoking probation, observed that it "would" have found him guilty of consuming alcohol, but because it had prohibited the juvenile probation officer from testifying to the test result, it would not find him guilty of testing positive for alcohol. [RP 63]  The court did, however, revoke his probation because

3

he violated probation by being terminated from his residential treatment program. [RP 63]

Child relies on the court's failure to find a positive alcohol test result to argue that the evidence is insufficient to support revocation: "[T]he children's court found that there was no evidence that [Child] was intoxicated, but in the same breath determined that Child's discharge from the [residential treatment program] for the non-existent intoxication was sufficient to revoke his probation." [MIO 5]

It is clear to us that the court did not find that Child tested positive, but it is not clear that the court declined to consider any evidence of intoxication. As we have noted, Child's Mother and the juvenile probation officer both testified that Child appeared to be intoxicated. In addition, there was also evidence, from Child's treatment therapist at the program—someone with firsthand knowledge—that the program terminated Child based on his misconduct while he had been released to his Mother. Consequently, we conclude that there was ample evidence of Child's misconduct, combined with firsthand knowledge that Child was terminated from the treatment program based on his misconduct. We do not read *Erickson K.* as requiring that every witness who testifies have firsthand knowledge of every fact in the case. We hold that the evidence was sufficient to prove beyond a reasonable doubt that Child violated his probation, and affirm.



**IT IS SO ORDERED.**

_____

MICHAEL E. VIGIL, Judge

WE CONCUR:

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**CELIA FOY CASTILLO, Judge**

6