This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

v.                                             **NO. 32,768**

**ERIC G.,**

    Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} Child appeals from the district court's order extending Child's commitment to the Youth Diagnostic and Development Center (YDDC) by four months. We issued a notice of proposed summary disposition, proposing to affirm. Child has responded to our notice with a memorandum in opposition. We affirm the district court's order.

{2} On appeal, Child argues that the district court erred by (1) denying his motion in limine and thereby admitting hearsay and second-hand testimony about the disciplinary incident reports, and (2) improperly ruling that Child's confrontation rights do not apply at the hearing on the petition to extend commitment. [DS 4; MIO 4-11] As we stated in our notice, at the heart of Child's first argument is the premise that the Rules of Evidence apply to the hearing on the petition to extend commitment. We are not persuaded that the Rules of Evidence apply to such hearings. Nor are we persuaded that Child's due process and confrontation rights were violated.

**Rules of Evidence**

{3} The statute governing the commitment extension in the current case is found in NMSA 1978, Section 32A-2-23(D) (2009), which states that "[p]rior to the expiration of a short-term commitment of one year, as provided for in NMSA 1978, Section 32A-2-19 (2009), the court may extend the judgment for up to one six-month period if the court finds that the extension is necessary to safeguard the welfare of the child or the public safety." Section 32A-2-23(D) and Section 32A-2-19 are dispositional

2

provisions for adjudicated delinquent offenders, and the dispositional hearings held thereunder are "what, in adult court, would be the sentencing phase." *State v. Erickson K.*, 2002-NMCA-058, ¶ 14, 132 N.M. 258, 46 P.3d 1258; *see also State v. Sergio B.*, 2002-NMCA-070, ¶ 19, 132 N.M. 375, 48 P.3d 764 ("Recommitment hearings are essentially dispositional.").

**{4}** Child acknowledges that former Rule 11-1101(D)(2) NMRA 2009 specifically stated that the Rules of Evidence do not apply to "dispositional hearings in children's court proceedings." Child further acknowledges that the committee commentary to Rule 11-1101 NMRA 2013 states that the rule was amended in 2012 for clarity and made only stylistic changes in order to be more consistent with the federal rule and the other evidence rules. *See* Committee Commentary to Rule 11-1101 (stating that with the amendment "[t]here is no intent to change any result in any ruling on admissibility"). Despite these acknowledgments, Child nevertheless argues that the 2012 changes to the rule are significant because they removed the language indicating that the Rules of Evidence do not apply to "dispositional hearings in children's court cases" and replaced it with language indicating that the Rules of Evidence do not apply to "dispositional hearings . . . in abuse and neglect proceedings." [MIO 5] The committee commentary to the rule declares that the changes are not significant. We therefore do not believe that our Supreme Court intended for changes to require that

3

the Rules of Evidence apply to the dispositional hearing in this children's court case. *See Erickson K.*, 2002-NMCA-058, ¶¶ 14-15 (distinguishing between juvenile probation revocation proceedings in which the Rules of Evidence apply and dispositional hearings in children's court, for which the Rules of Evidence do not apply).

{5}     Child also argues that recommitment hearings are more than simply dispositional, and therefore, our holding in *Sergio B.*, 2002-NMCA-070, is erroneous. Child contends that because the children's court can only extend a child's commitment based on a review of new evidence in the record of the child's progress during the term of commitment, the recommitment hearing is more akin to a probation violation hearing than a dispositional hearing. [MIO 7] We are not persuaded. In *Sergio B.*, this Court rejected the contention that standards used for adjudications of delinquency should apply to recommitment proceedings, noting that we also rejected this argument in the context of similar proceedings to determine whether a child is amenable to treatment within the juvenile system. *See id.* ¶ 19. This Court emphasized that "the findings necessary to determine whether a recommitment is necessary to protect the child or public welfare requires consideration of the child's environment, age, maturity, past behavior, and predictions of future behavior," determinations that do not lend themselves to adjudication standards such as proof

beyond a reasonable doubt. *Id.* (internal quotation marks and citation omitted). Based on the same rationale, we are not persuaded that the Rules of Evidence should apply to the information that is relevant to, and necessary for, a recommitment determination. Also, determining whether recommitment is appropriate for the protection of the child or public welfare based on the "child's environment, age, maturity, past behavior, and predictions of future behavior" is less like assessing the truth of a violation of law and more like the sentencing process of assessing rehabilitation needs. *See Erickson K.*, 2002-NMCA-058, ¶ 14 (describing "dispositional hearings in children's court proceedings, . . . [as] what, in adult court, would be the sentencing phase"); *State v. Gonzales*, (listing the same considerations for a child's amenability to treatment within the juvenile system, rejecting an argument under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and holding that "[u]nlike the finding that a child has committed a criminal offense, the finding that a child is not amenable to treatment as a child within the juvenile system requires a predictive, more than historical, analysis").

{6}     Additionally, the governing statutory provision entitled "Limitations on dispositional judgments; modification; termination or extension of court orders," indicates that an extension of either a long- or short-term commitment is contemplated as part of a child's dispositional judgment, but is not mandatory like the ninety-day

supervised release. *See* Section 32A-2-23(D), (E), and (F). For these reasons, we hold that the recommitment hearing is dispositional and that the Rules of Evidence do not apply.

**Due Process and Confrontation**

{7}     Child argues that the district court violated his right to due process and confrontation by relying on disciplinary reports admitted through the testimony of YDDC workers who did not witness the conduct that was reflected in the report for the recommitment hearing. [MIO 8-11] As explained above and in our notice, the extended commitment hearings are not adjudicatory; they track a child's progress and possible need for further rehabilitation "to safeguard the welfare of the child or the public safety." Section 32A-2-23(D). Only "[n]otice and hearing are required for any extension of a juvenile's commitment." *Id.*

{8}     Our notice proposed to hold that, contrary to Child's assertion, there is no indication that confrontation rights exist at recommitment hearings and that we would assume that due process rights apply, like to those afforded at adult probation violation hearings. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands and not all situations calling for procedural safeguards call for the same kind of procedure." *State v. Guthrie*, 2011-NMSC-014, ¶ 11, 150 N.M. 84, 257 P.3d 904 (internal quotation marks, citation, and emphasis

omitted). In determining whether the right to due process should include the right to confrontation, "[t]he trial court should focus its analysis on the relative need for confrontation to protect the truth-finding process and the substantial reliability of the evidence." *Id.* ¶ 43.

{9} Our notice observed that Child did not describe the offending testimony or why it might have violated his constitutional rights. Child has the obligation on appeal to set forth all the facts necessary to decide an appellate issue. *See* Rule 12-208(D)(3) NMRA; *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (construing the then-applicable appellate rule to include the evidence that "supports the trial court's findings" and warning that the failure to comply with rules may result in sanctions). We further observed that the individuals employed by YDDC who testified at the hearing had personal knowledge of Child's progress and testified about their knowledge in addition to the incident reports. [RP 53-58] Further, we noted that the record indicated that Child admitted to the facts in all fourteen incident reports. [RP 55] We stated that the record does not show, and Child does not demonstrate, what would be gained for purposes of truth-finding and reliability from the testimony of other employees from YDDC. *See Guthrie*, 2011-NMSC-014, ¶¶ 45-47.

{10} In his response to our notice, Child states that, even if the Rules of Evidence do not apply to a recommitment hearing, Child is entitled to the protections of minimal

due process and confrontation, which were rights violated by the district court's consideration of the fourteen disciplinary reports in the absence of testimony from YDDC employees present during the incidents. [MIO 8-10] Child explains that the three YDDC employees who testified witnessed only a few of the incidents for which there were disciplinary reports, but that Ms. Caldwell testified that Child received fourteen disciplinary reports and created an additional report using such information concerning Child's progress. [MIO 2-3] Ms. Caldwell further stated that Child "agreed" to all fourteen of the incident reports. [MIO 2] All three YDDC witnesses testified that Child was demonstrating improvement in the month prior to the recommitment hearing. [MIO 2-3] Two YDDC witnesses testified that they had direct contact with Child, one of whom stated that he interacted with Child five days of the week. [MIO 3] It appears that the witnesses agreed that Child needed an extension to build on the skills he was developing during that past month. [MIO 2-3]

{11} Child argues that he should have been entitled to confront all the YDDC employees who were present at the other events that resulted disciplinary reports, because it would help the district court decide whether a violation was technical or something more serious. [MIO 10] Child does not explain the content of the disciplinary reports or demonstrate that confronting the other YDDC employees would have resulted in a different, more preferable result. As we indicated above,

8

recommitment proceedings involve inquiries about the protection of the child or public welfare based on the "child's environment, age, maturity, past behavior, and predictions of future behavior." *Sergio B.*, 2002-NMCA-070, ¶ 19 (internal quotation marks and citation omitted). As this Court has indicated, these are considerations beyond the truth of an alleged infraction. *Id.* Given the first-hand knowledge of Child's progress exhibited by the testifying YDDC witnesses, the consistency and subject matter of their testimony, and the purpose of the hearing, Child has not demonstrated that there was a violation of his due process and confrontation rights.

{12}     For the reasons stated in this opinion and in our notice, we affirm the district court's order extending Child's commitment by four months.

{13}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**