This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 35,304

**JEREMIAH C.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Child appeals from a district court order extending his short-term commitment. We issued a calendar notice proposing to affirm. Child has responded with a memorandum in opposition. We affirm.

{2}    Child continues to challenge a district court order extending his short-term commitment. [MIO 4] NMSA 1978, Section 32A-2-23(D) (2009), states that "[p]rior to the expiration of a short-term commitment of one year, as provided for in [NMSA 1978,] Section 32A-2-19 [(2009)], the court may extend the judgment for up to one six-month period if the court finds that the extension is necessary to safeguard the welfare of the child or the public safety." These two statutes are dispositional provisions for adjudicated delinquent offenders, and the dispositional hearings held thereunder are "what, in adult court, would be the sentencing phase." *State v. Erickson K.*, 2002-NMCA-058, ¶ 14, 132 N.M. 258, 46 P.3d 1258.

{3}    Here, the judge informed the parties that the extension was in the best interest of Child, to safeguard his welfare. [RP 99] The evidence at the hearing indicated that Child was defiant and involved in numerous incidents during the first half of his commitment. [RP 90] There was testimony that Child experienced a massive decline in his behavior, with up to twenty reports during that period. [RP 91] The evidence indicated that Child had a high level of substance abuse prior to his commitment. [RP 92] Child's behavior, including his attitude during treatment, did not get better until

the latter half of his short-term commitment, and apparently was triggered by the death of his grandmother. [RP 92] The court's decision to extend commitment was based on the delayed progress that occurred in this case due to Child's initial behavior, and that it would be in his best interest to extend that lost period of treatment. As Defendant notes [MIO 5-6], we have case law affirming an extended commitment under similar circumstances. *See In re Ruben D.*, 2001-NMCA-006, ¶ 24, 130 N.M. 110, 18 P.3d 1063 (extending a long-term commitment where the child had been hostile, had anger management issues, had multiple reported incidents, and had not made progress until late in his commitment period). Accordingly, we conclude that the evidence was sufficient to extend Child's commitment.

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**M. MONICA ZAMORA, Judge**