This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 35,622**

**ADAM EDWARDS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    We previously set forth the pertinent background information, which Defendant does not dispute. [MIO 1] We will therefore avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}    Defendant has challenged the admission of his BrAT results on the theory that the State failed to establish compliance with a regulation concerning the number of samples to be taken. *See* 7.33.2.15(B)(2) NMAC (providing that as a general rule, two samples are to be taken; three samples are required only if the difference in the results exceeds 0.02). However, the testimony of the administering officer that he had obtained two samples from Defendant, the results of which were 0.10 and 0.12, supplied sufficient evidence of compliance to support the district court's ruling. *See generally State v. Martinez*, 2007-NMSC-025, ¶ ¶ 7, 21, 141 N.M. 713, 160 P.3d 894 (providing that the State must demonstrate compliance with accuracy-ensuring regulations by a preponderance of the evidence, and that on appeal, the trial court's ruling is reviewed for abuse of discretion).

**{4}** In his memorandum in opposition Defendant continues to argue that insofar as the machine was capable of measuring BrAC to three decimal places, it is possible that rounding might have occurred in arriving at the double-digit test results, which could have effectively concealed an actual disparity in excess of 0.02 apart. [MIO 1-2] However, as Defendant acknowledges, no evidence was presented below to substantiate that theory. [MIO 1] In the absence of such evidentiary support, Defendant invites the Court to take judicial notice of an operator's manual which is not of record. [MIO 1-2] However, because it does not concern a matter of common knowledge, we must decline the invitation. *See State v. Erikson K.*, 2002-NMCA-058, ¶ 24, 132 N.M. 258, 46 P.3d 1258 ("A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute. Such facts must be matters of common and general knowledge which are well established and authoritatively settled." (alteration, internal quotation marks, and citation omitted)).

**{5}** Accordingly, for the reasons set forth in the notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**


_____
**STEPHEN G. FRENCH, Judge**