| STATE V. WHITE |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**CLIFTON WHITE,**
**Defendant-Appellant.**

Docket No. A-1-CA-37008
COURT OF APPEALS OF NEW MEXICO
March 20, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Angela J. Jewell, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JULIE J. VARGAS, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant Clifton White appeals from the district court's revocation of his probation. On appeal, Defendant contends that there was insufficient evidence presented to establish that his violation was willful. This Court issued a calendar notice proposing to affirm the revocation of Defendant's probation. Defendant has filed a memorandum in opposition to our notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Defendant asserts that the district court erred in concluding that his probation violation was willful where he came forward with evidence that he had taken other drug tests during that same time period that were negative and that he had made arrangements with his probation officer to reschedule his drug test. [MIO 4-5] However, the only testimony that Defendant asserts established these facts is his own. To the extent that Defendant's probation officer testified that he had missed a required drug test and did not also testify to agreeing to reschedule the drug test with Defendant, this presents an issue of credibility for the district court to decide.

**{3}**     As this Court noted in our notice of proposed disposition, we must "view[] the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. We further noted that contrary evidence does not support a basis for reversal. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. As the arguments that Defendant continues to assert on appeal ask this Court to reweigh evidence, we must decline to do so and affirm.  *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{4}**     Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court's revocation of Defendant's probation.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JULIE J. VARGAS, Judge**