This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39483**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAYSON WAGGONER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer, we affirm for the following reasons.

**{2}** Defendant appeals the revocation of his probation, contending (1) the admission of hearsay statements from personnel working at Defendant's former treatment facility violated his due process right to confront witnesses; and (2) the evidence supporting his revocation was insufficient. [BIC 4, 9] Unpersuaded, we affirm.

## DISCUSSION

### I.    Due Process

**{3}** Defendant contends that it was a violation of his general due process rights for the district court to allow Defendant's probation officer to testify that an employee of Defendant's former treatment facility had said that Defendant had been unsatisfactorily discharged from the program. [BIC 4] "Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (alteration, omission, internal quotation marks, and citation omitted). "The right protected in probation revocation[ cases] is not the [S]ixth [A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *Guthrie*, 2011-NMSC-014, ¶ 12.

**{4}** Among the components of due process is the right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation within the meaning of the Fourteenth Amendment. *See Guthrie*, 2011-NMSC-014, ¶ 12. Our analysis of good cause for not allowing confrontation is "a kind of spectrum or sliding scale[,]" *id.* ¶ 40, that balances competing interests in deciding whether confrontation is a procedural protection that the particular situation demands to achieve the truth-finding goal of evaluating contested relevant facts. *See id.* ¶¶ 12, 33, 40. Our inquiry considers whether the challenged evidence "relate[s] to objective or subjective observations, assert[s] that a probationer acted or failed to act as required, or support[s] facts that are central or ancillary to the ultimate probation violation inquiry." *See id.* ¶¶ 34, 37. Specifically we determine whether: (1) "the assertion [is] central to the reasons for revocation[] or . . . collateral[,]" (2) "the assertion [is] contested by the probationer, or . . . the state [is] being asked to produce a witness to establish something that is essentially uncontroverted[,]" and (3) the assertion is "inherently reliable." *Id.* ¶¶ 34, 36.

**{5}** The Supreme Court went on to explain that

> [o]n one end of the spectrum, where good cause for not requiring confrontation is likely, we would include situations in which the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate, or possibly situations where the evidence is about an objective conclusion, a routine recording, or a negative fact, making the demeanor and credibility of the witness less relevant to the truth-finding process. On this side of the good-

cause spectrum, live testimony and cross examination offer almost no utility to the fact-finding process.

*Id.* ¶ 40.

**{6}** Similar to *Guthrie,* Defendant's case falls on this end of the spectrum. Evidence was presented at the revocation hearing that Defendant was unsatisfactorily discharged from his treatment program and successful completion of the program was a condition of Defendant's probation. [BIC 11-12; AB 3] While this testimony was obviously central to the reasons for revocation, the testimony establishing that Defendant was unsatisfactorily discharged was of an objective fact. Moreover, this testimony was given by Defendant's probation officer and documented by an employee of the treatment facility, neither of whom have any obvious motive to fabricate, "making the demeanor and credibility of the witness less relevant to the truth-finding process." *Id.* Though Defendant contends that the basis of his unsatisfactory discharge involves subjective facts surrounding his behavior towards other patients at the facility, this does not alter our determination that the ultimate fact that he was unsatisfactorily discharged from his treatment program is an objective one. Accordingly, we conclude that good cause supports the district court's decision to allow this testimony, and thus Defendant's due process rights were not violated. *See id.* ¶¶ 1, 45 (concluding that the testimony of the defendant's probation officer as to the defendant's failure to complete treatment program was proper because the testimony involved a fact that was not contested and easily and reliably established).

## II.     Sufficiency of the Evidence

**{7}**     "We review [the] district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (alterations, internal quotation marks, and citation omitted). Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *Id.* The violation must entail "willful conduct on the part of the probationer" in order to be sufficient grounds for revocation. *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339. When a "violation of probation is not willful, but resulted from factors beyond a probationer's control, probation may not be revoked." *Id.* ¶ 13. On appeal, we "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Green*, 2015-NMCA-007, ¶ 22. However, "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (internal quotation marks and citation omitted).

**{8}** Defendant contends that the State failed to provide any evidence that he willfully violated his probation. [BIC 11-12] However, the evidence presented at the revocation hearing indicates that Defendant was unsatisfactorily discharged from the program. [BIC 11] This evidence is sufficient to satisfy the State's initial burden to establish a material breach because an unsatisfactory discharge from the treatment program would be a violation of Defendant's conditions of probation. Defendant failed, however, to present any evidence excusing his noncompliance. *See id.* Consequently, Defendant has failed to successfully challenge the district court's determination that his violation was a result of willful conduct.

**{9}** Additionally, the memorandum opinion relied upon by Defendant is unpersuasive under the instant facts. *See State v. Claryn C.*, No. 29,176, mem. op. (N.M. Ct. App. April 1, 2009) (non-precedential). In that case, the evidence amounted to no more than a statement that the probationer had been discharged from her treatment program without any indication of a reason. *Id.* ¶ 1. We concluded that such evidence was not sufficient to support willfulness because there was no indication that actions of the probationer were the cause of her discharge. *Id.* Conversely, the evidence in the instant case establishes that Defendant was *unsatisfactorily* discharged, indicating that it was his own actions that resulted in his discharge from the program. [BIC 11-12] Defendant having failed to "come forward with evidence to excuse non-compliance," we conclude Defendant's probation revocation is supported by sufficient evidence of willfulness. *Leon*, 2013-NMCA-011, ¶ 36.

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm the revocation of Defendant's probation.

**{11} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**