This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42071**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ETHAN R. SHEPPARD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Stephen Ochoa, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's revocation of his probation based on Defendant having (1) "violated the laws or ordinances of the State of New Mexico, or any jurisdiction[,] and/or endangered the person or property of another" and (2) "bought, sold, owned or had in his . . . possession, at any time, firearm(s), ammunition or other deadly weapon(s)." [RP 105, 145] The only issue Defendant raises on appeal is that the State failed to present sufficient evidence to establish that he violated the conditions of his probation. [BIC 7] Specifically, Defendant argues there was insufficient evidence from which the district court could infer that Defendant possessed a deadly weapon or that Defendant used that weapon to inflict fatal injuries on Victim. [BIC 7]

**{3}** We review the district court's decision to revoke probation under an abuse of discretion standard. *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *Id.*; *see State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation). When reviewing a challenge to the sufficiency of the evidence, we "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

**{4}** The State presented evidence that Defendant was seen on a surveillance video at the end of a hallway where Victim was washing the floor. [BIC 8] Defendant repeatedly turned around to look behind him toward the kitchen area. [Id.] When Victim walked away into another room, Defendant looked behind him before pulling an object out of his apron and running down the hall after Victim. [BIC 8-9] There was also evidence that Defendant's coworker followed Defendant and Victim to the off-camera room and had tried to separate Defendant and Victim. [BIC 9] Defendant was captured on video leaving the room with his right side covered in blood and running out of the building, while his coworker ran toward the kitchen. [Id.] Victim was found on the floor of the off-camera room with twelve stab wounds. [BIC 8] There was testimony that, based on law enforcement's review of the video, the object Defendant pulled from his apron appeared to be a knife, but that knife was not recovered. [BIC 8-9] There was also testimony that Defendant appeared uninjured following the incident. [Id.]

**{5}** Defendant emphasizes that no witnesses testified to having seen Defendant stab Victim, the surveillance video did not actually show any crime being committed, and the State did not produce any corroborating evidence to show what actually happened in the room where Victim was found. [BIC 9] Defendant asserts that, without such evidence, there was not sufficient reliable evidence to support the district court's findings, and the district court therefore abused its discretion by revoking Defendant's probation. [BIC 9-10] We disagree.

**{6}** It is not this Court's role on appeal to reweigh the evidence. *See Erickson K.*, 2002-NMCA-058, ¶ 21. Viewing the evidence in the light most favorable to the State and indulging all reasonable inferences in favor of the district court's decision, *id.*, we

conclude that there was sufficient evidence for a reasonable mind to conclude that Defendant violated his conditions of probation by possessing a deadly weapon and by violating the laws of the State of New Mexico and/or endangering the person of another. *See State Cunningham*, 2000-NMSC-009, ¶ 29, 128 N.M. 711, 998 P.2d 176 (recognizing that circumstantial evidence alone can amount to substantial evidence); *State v. Rojo*, 1999-NMSC-001, ¶ 23, 126 N.M. 438, 971 P.2d 829 (same). As such, we perceive no abuse of discretion in the district court's revocation of Defendant's probation. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 ("To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." (alteration, internal quotation marks, and citation omitted)).

**{7}** Accordingly, we affirm.

**{8}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**