This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-43285**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**RODRIGUEZ CRAIG JOHNSON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clara Moran, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** In this case, the parties stipulated that Defendant was incompetent to stand trial and was dangerous pursuant to NMSA 1978, Section 31-9-1.2(B) (1999, amended 2025)—the version of the Mental Illness and Competency Act in effect at the time of the offense. [RP 40-42] Because it was determined that Defendant was not likely to attain competency within the statutory time frame, *see* § 31-9-1.2(D) [RP 46], the district court held a hearing pursuant to NMSA 1978, Section 31-9-1.5(A) (1999, amended 2025), after which the district court concluded that Defendant was guilty of criminal sexual penetration and committed him to the New Mexico Behavioral Health Institute for three years [RP 52-53]. *See* § 31-9-1.5(D) (providing that if the district court finds by clear and convincing evidence that the defendant committed criminal sexual penetration and remains incompetent and dangerous, the defendant shall be detained by the Department of Health).

**{3}** On appeal, Defendant challenges the sufficiency of the evidence to support the district court's conclusion that the State proved the following by clear and convincing evidence: (1) Defendant's identity as the perpetrator [BIC 8-15] and (2) Victim had been vaginally penetrated [BIC 15-16]. When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the [determination below]." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. After viewing the evidence in this manner, we then determine whether "substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt . . . with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted).

**{4}** With respect to the proof of Defendant's identity, the State presented the testimony of Victim who identified Defendant as the perpetrator at the hearing, at which Defendant appeared via Zoom. [BIC 4; CD 11/17/25 8:51:05-8:51:31] At the hearing, Defendant argued that Victim's identification of Defendant was problematic because her memory of events was not consistently clear and her identification of Defendant over Zoom was overly suggestive. [CD 11/17/25 9:36:57-9:37:30, 9:38:05-9:39:04] On these grounds, Defendant argued at the hearing that the evidence was not clear and convincing. [Id. 9:39:04-9:39:29]

**{5}** In challenging the sufficiency of the evidence to prove Defendant's identity on appeal, Defendant's brief in chief relies mainly on *State v. Martinez*, 2021-NMSC-002, 478 P.3d 880, and similar out-of-state opinions, which address the admissibility of eyewitness identification evidence. [BIC 9-15] However, Defendant did not object to the admission of Victim's testimony identifying Defendant as the perpetrator during the hearing. Also, there is no indication in the brief in chief or in the record proper that Defendant moved to suppress Victim's identification of Defendant, or argued that Victim's identification of Defendant was invalid or otherwise could not be considered at all. Instead, Defendant's arguments about Victim's identification of Defendant have

always been directed at its persuasive value. [CD 11/17/25 9:36:57-9:37:30, 9:38:05-9:39:29; BIC 5-15]

**{6}** Thus, the admissibility standard articulated in *Martinez* and similar cases that Defendant relies on in his brief in chief are not applicable to the inquiry into the sufficiency of the evidence that Defendant raised below and raises on appeal. "Our analysis [of the sufficiency of the evidence] on appeal considers *all* the evidence admitted by the district court," including evidence that may have been wrongly admitted. *See State v. Howl*, 2016-NMCA-084, ¶ 29, 381 P.3d 684 (emphasis added) (citing *State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487). As our standard of review requires, we view all the evidence in the light most favorable to the fact-finder's decision and do not reweigh it. *See State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258 (stating that we will not reweigh the evidence on appeal, and must instead "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment"). The district court, sitting as fact-finder in the present case, determined that the State's identification evidence was clear and convincing and not overly suggestive, reasoning that Victim stated that Defendant looked directly at her during the sexual assault; Victim was able to identify him; and Defendant was depicted clearly on camera at the hearing. [Id. 9:47:14-9:47:53] Because Victim's testimony supports the district court's decision, and in light of the substantial evidence standard of review, we will not disturb the district court's finding that Victim identified Defendant as the perpetrator by clear and convincing evidence.

**{7}** We also note that, in response to Defendant's arguments about the weight of the identification evidence, the district court emphasized that Defendant stipulated that he would appear at the hearing by Zoom, a process he contends was overly suggestive and did not produce clear and convincing identification evidence. [Id. 9:46:46-53, 9:47:30-9:47:42] Thus, the record shows that Defendant did not preserve a claim about the admissibility of the identification evidence and even agreed to proceed under the circumstances in which he was identified. *See State v. Nyugen*, 2008-NMCA-073, ¶¶ 22-23, 144 N.M. 197, 185 P.3d 368 (refusing to address a claim of error on appeal under principles of preservation and the doctrine of invited error where the defendant did not raise the claim of error in district court and even agreed to proceed under the circumstances to which he claimed error on appeal); *cf. State v. Jason F.*, 1998-NMSC-010, ¶ 10, 125 N.M. 111, 957 P.2d 1145 (declining to review a party's unpreserved argument when counsel made no argument on appeal regarding the exceptions to the preservation requirement). For these reasons, we do not address Defendant's challenge to the sufficiency of the evidence under an admissibility standard and hold that sufficient identification evidence was presented.

**{8}** In Defendant's second challenge to the sufficiency of the evidence, he argues that the State failed to prove by clear and convincing evidence that Victim was penetrated by Defendant's fingers. [BIC 15-16] Defendant argues the evidence was inadequate because Victim initially told police that she had not been penetrated and demonstrated Defendant's movements using a flat hand. [BIC 15] We are not persuaded.

**{9}**     The Legislature defined criminal sexual penetration, in relevant part, as "the causing of penetration, to any extent and with any object, of the genital . . . openings of another." NMSA 1978, § 30-9-11(A) (2009). The criminal sexual penetration statute is intended to include the vulva in the definition of the vagina. *State v. Tapia*, 2015-NMCA-048, ¶ 8, 347 P.3d 738 (citing UJI 14-981 NMRA (defining parts of the primary genital area)).

**{10}**     At the hearing, Victim testified that she initially misunderstood the definition of penetration and did not understand that she could have been penetrated within the meaning of the offense over her clothing. [BIC 16; CD 11/17/25 9:07:29-9:07:59, 9:19:56-9:20:12] Victim clarified that after an officer explained to her that the legal definition of penetration included penetration outside of Victim's scrubs, Victim stated that Defendant had definitely penetrated her. [Id. 9:20:20-9:20:39] Victim further testified that when Defendant was rubbing Victim, his fingers went up between the lips of her vagina. [Id. 9:20:40-9:20:55]

**{11}**     We are not persuaded by Defendant's argument that Victim's initial insistence that she was not penetrated, then later change in testimony upon clarification of the definition, should constitute insufficient evidence to uphold a finding that Defendant penetrated Victim. *Cf. Tapia*, 2015-NMCA-048, ¶¶ 8-9 (concluding that the children's testimony about penetration was sufficient when "[a]pplying the definitions of vagina and vulva in light of the requirement that penetration minimally occur to any extent"); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). In light of Victim's testimony at the hearing, we conclude that sufficient evidence supports the district court's conclusion that Defendant was guilty of criminal sexual penetration. *See State v. Hamilton*, 2000-NMCA-063, ¶ 20, 129 N.M. 321, 6 P.3d 1043 ("[T]he testimony of a single witness may legally suffice as evidence to support a . . . verdict." (internal quotation marks and citation omitted)).

**{12}**     Based on the foregoing, we affirm the district court's order finding Defendant guilty and committing him to the New Mexico Behavioral Health Institute.

**{13}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**