This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. A-1-CA-36728

**MARVIN CLARK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Marvin Clark appeals from the district court's order revoking his

probation. Unpersuaded that Defendant demonstrated error, we issued a notice of

proposed disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded, and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support the revocation of his probation. [MIO 2-3] Defendant maintains that the officer's testimony that he saw and recognized Defendant from a forty-foot distance at night and in the course of a high-speed felony pursuit is simply too incredible to support the district court's finding that Defendant was the driver of the stolen car. [MIO 3] Defendant points out that the officer's observations did not result in the pursuit of the filed criminal charges. [MIO 3]

**{3}** When reviewing the sufficiency of the evidence, we "view[] the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. Defendant's complaint about the officer's testimony is relevant to its weight and credibility, considerations in which we do not engage on appeal. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). The district court was free to reject Defendant's theory of the evidence and find the police officer to be credible in his testimony identifying Defendant as the driver of the fleeing stolen vehicle. *See id.*; *see*

*also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We also note that the failure of new charges to result in convictions does not render unsupported an allegation of a probation violation for new criminal charges. The State needs to establish a violation of probation only by a measure of "reasonable certainty," not by proof beyond a reasonable doubt. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. We hold that the officer's testimony established with reasonable certainty that Defendant violated probation by violating the laws of the state. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (stating that proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation").

{4}     To the extent Defendant complains that the State failed to establish a violation of the counseling provision of Defendant's probation, it is of no consequence because where "there is sufficient evidence to support just one violation, we will find the district court's order was proper." *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493. This principle is particularly warranted where the clearly supported probation violation is a new violation of our criminal laws. *Cf.* Rule 5-805(C)(3) NMRA (providing that sanction programs for technical violations of probation are not available for violations that involve new criminal charges).

{5}     For the reasons set forth above, we affirm the district court's order revoking Defendant's probation.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**EMIL J. KIEHNE, Judge**