This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38928**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**REX G.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Rex G. (Child) appeals the district court's decision to revoke his probation. In this Court's notice of proposed disposition, we proposed to summarily affirm. Child filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Child continues to argue the evidence was insufficient to prove beyond a reasonable doubt that he violated the terms of his probation. [MIO 3-5] "Before a court can find [a c]hild to have violated his probation,

evidence tending to establish his own willful conduct beyond a reasonable doubt must have been presented to the court." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258 (providing that, in determining whether there was sufficient evidence to support a district court's revocation of a child's probation, we apply the Rules of Evidence and view the evidence presented in the "light most favorable to the [s]tate indulging all reasonable inferences in favor of the [district] court's judgment"). While the burden of proving a willful violation always remains on the State, after the State presents a prima facie case of a violation, a child must come forward with evidence that the failure to comply was not willful. *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (requiring a defendant to put forth some "evidence to excuse non-compliance" in order to challenge the willfulness of a probation violation).

**{3}** In our calendar notice, we proposed to conclude testimony from Child's probation officer that Child failed to report as instructed and tampered with his GPS monitor was sufficient to support the district court's determination. [CN 2-3] Child characterizes his probation officer's testimony about the GPS monitor as hearsay based on information gained from a website and argues the State failed to present any direct evidence that Child cut off his GPS monitor. [MIO 4] However, we understand that the probation officer also testified that Child's grandmother returned the GPS monitor and it had been severed. [RP 83] We also note that Child did not present any evidence to the district court establishing that he was unable to comply with the requirement that he report to his probation officer. *See id.* (concluding that a district court properly exercises its discretion to revoke probation when a defendant fails to come forward with evidence that a failure to comply with conditions was not willful); *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating with reference to an adult probationer, that sufficient evidence to support even one violation supports affirmance of a district court's revocation of probation). Moreover, Child has not asserted any additional facts or argument that convinces us our notice of proposed disposition was erroneous as to this issue. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Viewing the evidence presented in the light most favorable to the State and indulging all reasonable inferences in favor of the district court's judgment, we conclude the evidence presented was sufficient to prove beyond a reasonable doubt that Child violated the terms of his probation.

**{4}** Child clarifies in his memorandum in opposition that his due process argument is based on a contention that his right to confront witnesses was violated. [MIO 5-10] A child facing a probation revocation has a Sixth Amendment right to confront witnesses against him. *See State v. Trevor M.*, 2015-NMCA-009, ¶¶ 9-11, 341 P.3d 25. "Under the Confrontation Clause, U.S. Const. amend. VI, an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Smith*, 2016-NMSC-007, ¶ 42, 367 P.3d 420 (internal

quotation marks and citation omitted). In this case, Child asserts his right to confrontation was violated based on the probation officer's testimony that he discovered, from a website, Child had cut off his GPS monitor. [MIO 4-5, 8-9] However, Child has not explained in sufficient detail the information that the website conveyed and thus we are unable to ascertain whether the statements from the website are testimonial. We also note that Child has not provided any argument or legal authority in this regard. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (explaining that "appellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists"); *see also State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 (stating that we will not rule on an inadequately developed constitutional issue that would require us to do an appellant's work on their behalf).

{5}     Rather, Child asserts that we should evaluate his confrontation argument pursuant to the standards set forth in *State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904. [MIO 7-9] In determining whether there was good cause for the lack of confrontation under *Guthrie*, we consider "whether confrontation of the witness is essential to the truth-finding process in the context of probation revocation." *Guthrie*, 2011-NMSC-014, ¶ 2. This inquiry involves examination of numerous factors, including whether "the assertion [is] central to the reasons for revocation[ ] or . . . collateral"; whether "the assertion [is] contested by the probationer, or is the state merely being asked to produce a witness to establish something that is essentially uncontroverted[,]" *id*. ¶ 34; whether the assertion is "inherently reliable[,]" *id*. ¶ 36; whether the testimony is the sort of testimony that the declarant would only remember by reference to her records even if she were to testify in person; and whether the declarant's observations are subjective or objective. *Id*. ¶ 37.

{6}     Child asserts there was no good cause to dispense with confrontation requirements because the information from the website was central to the reasons for revocation; it was not inherently reliable; and it appears the information was contested, or at least not conceded, by Child. [MIO 8-9] As we previously explained, we are unable to evaluate Child's constitutional argument without additional insight regarding the information that was relayed by the website, especially given the fact-intensive nature of our inquiry. *See id*. ¶ 40 (describing "the need-for-confrontation analysis as a kind of spectrum or sliding scale with extremes at either end and much balancing and weighing of competing interests in between"). Specifically, we are unable to ascertain whether the website directly stated the GPS was tampered with or removed, or, alternatively, whether the probation officer who testified had to come to that conclusion on his own based on information provided by the website. Although Child asserts that "[s]omeone else analyzed the data and came to the conclusion that the GPS monitor had been tampered with[,]" and that the witness merely parroted the information from the website [MIO 9], reliance on these unsubstantiated claims would require us to speculate about what information was shown on the website.

{7}     In addition, Child fails to explain what would have been gained from the testimony of someone else other than Child's probation officer. *See Hennessy v.*

*Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Child argues this case is similar to *State v. Castillo*, 2012-NMCA-116, 290 P.3d 727, where a witness testified about results of the defendant's polygraph examination but another individual had actually administered the test. [MIO 9] We disagree that *Castillo* presents a similar situation to the one at issue here. In *Castillo*, the individual who administered the test was a licensed polygraph examiner who made a "judgment-based determination that the results indicated deception[,]" *Castillo*, 2012-NMCA-116, ¶ 15, whereas here, there is no suggestion that any judgment or expertise was required to determine the GPS monitor was tampered with. In addition, even if someone else other than the testifying probation officer did analyze data from the website, Child fails to explain how confrontation of such person would be "essential to the truth-finding process in the context of probation revocation." *Guthrie*, 2011-NMSC-014, ¶ 2; *see also id.* ¶ 40 (explaining that good cause for not requiring confrontation may be found in situations "where the evidence is about an objective conclusion, a routine recording, or a negative fact, making the demeanor and credibility of the witness less relevant to the truth-finding process"). For the foregoing reasons, we conclude Child has not shown error on appeal.

{8}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

{9}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**