This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40653**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**WESLEY T. FLORES,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals the revocation of his probation. [MIO 1] This Court issued a notice of proposed disposition, proposing to affirm. [CN 1, 4] Defendant has filed a memorandum in opposition, which we have duly considered. For the following reasons, we affirm.

**{2}** Defendant now contends that there was insufficient evidence to support the revocation of his probation on Count 1 (failure to report), Count 6 (violation of state law—trespass), and Count 7 (failure to report). [MIO 9] Defendant does not contest the

sufficiency of the evidence supporting the two remaining counts the district court found he violated—Count 4 (consuming a controlled substance) and Count 5 (consuming a controlled substance).

**{3}**     Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Id.* "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non[]compliance." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (internal quotation marks and citation omitted). On appeal, we "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. As explained in our calendar notice, we will affirm if even one of the counts is supported by sufficient evidence. [CN 2] *See Leon*, 2013-NMCA-011, ¶ 37, ("[A]lthough [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper.").

**{4}**     Relevant to Count 1, Defendant was ordered to report to the probation office in Clovis, New Mexico upon his arrival, after he informed his probation officer that he had been asked to leave the transitional living facility he was staying at in Albuquerque, New Mexico. [MIO 11] Defendant does not dispute that he failed to check in for more than a month after notifying his PO that he was moving out of the transitional living facility, but nonetheless argues "[w]ithout a particular reporting date set, this is insufficient to establish that [Defendant] willfully failed to report to probation after arriving in Clovis." [MIO 11] We disagree. *See State v. Martinez*, 1989-NMCA-036, ¶ 9, 108 N.M. 604, 775 P.2d 1321 (concluding that revocation was appropriate when the defendant made an unsuccessful attempt to report to probation as required and then made no subsequent attempt to report later on because he believed it was "already too late"). Moreover, Defendant has cited no authority supporting the contention that it was improper for the probation officer to order Defendant to check in as soon as he arrived in Clovis, as opposed to being ordered to report on a specific date. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Because the evidence established that Defendant never complied with the order to report, we conclude that there is sufficient evidence to support the revocation premised on Count 1.

**{5}**     Given that Defendant is not challenging either drug-related admission as found in Counts 4 and 5, and we have concluded that sufficient evidence supports the district court's conclusion as to Count 1, we conclude that there is sufficient evidence of noncompliance established by these violations to support the district court's revocation of Defendant's probation. *See Leon*, 2013-NMCA-011, ¶ 37.

**{6}**     Defendant also maintains that at his probation revocation hearing, Jose Arviso, who was an employee at the transitional facility where Defendant resided while on probation, impermissibly testified to hearsay statements. [MIO 14] Mr. Arviso testified that Defendant "was doing well at Transitions for Living but was told he had to leave because he had completed parole." [MIO 6] Mr. Arviso also testified over Defendant's objection that "an unnamed PO told him [Defendant] was off supervision, and that [Defendant] had picked up new charges and was therefore likely to be back on supervision soon." [MIO 6, 18] Defendant argues this testimony "presented undue complication to the willfulness of [Defendant's] departure from [the transitional living facility] and unduly vouched for the new trespass allegations, and prejudiced his defense." [MIO 18]

**{7}**     Defendant correctly notes that the rules of evidence do not apply in adult probation revocation proceedings and a defendant is required to establish prejudice in order to establish a due process violation. [MIO 17] *See State v. Neal*, 2007-NMCA-086, ¶¶ 36-42, 142 N.M. 487, 167 P.3d 935. As for Defendant's contention that Mr. Arviso's testimony "presented undue complication to the willfulness of [Defendant's] departure from [the transitional living facility]," [MIO 18] this argument appears to relate to Count 2 of the State's motions to revoke his probation. Count 2 alleged that Defendant had violated standard condition #3, which required Defendant to obtain permission from his PO before leaving the county where he was supervised or changing residence, among other things. [RP 289, 351] The district court did not find a violation on Count 2. [RP 395] Consequently, even if the admission of Mr. Arviso's testimony was in error, Defendant has not demonstrated how it was prejudicial.

**{8}**     Likewise, to the extent Defendant argues that Mr. Arviso's testimony "unduly vouched for the new trespass allegations, and prejudiced his defense," [MIO 18] we fail to see how this brief testimony amounts to vouching, which traditionally involves a comment on the credibility or truthfulness of a witness. *See, e.g.*, *State v. Salazar*, 2006-NMCA-066, ¶ 13, 139 N.M. 603, 136 P.3d 1013; *State v. Pennington*, 1993-NMCA-037, ¶ 27, 115 N.M. 372, 851 P.2d 494. In this case, it is undisputed that Defendant was charged with trespass, and the trespass charge formed the basis for Count 6 of the State's motion, which alleged that Defendant had violated standard condition #1 prohibiting Defendant from "violating any of the laws or ordinances of the State of NM, or . . . endanger[ing] the person or property of another." [RP 351, 346] To establish a violation under Count 6, the State called two police officers to testify regarding the factual basis for the underlying trespass charge. [RP 383] The State also called Defendant's probation officer, who testified that he spoke with Mr. Arviso and presumably could have been questioned about the alleged hearsay statements at issue. [RP 384] With this context in mind, we see no due process violation. There is no indication that Mr. Arviso's brief, isolated comment, i.e., that he had been told by Defendant's probation officer that Defendant had pending charges, prejudiced his defense or that Defendant was denied the ability to confront and cross-examine the declarant. *See State v. Gutherie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 257 P.3d 904.

**{9}** As for the district court's decision to allow Mr. Arviso to testify by video, our Supreme Court has said that the admission of live two-way video testimony during a criminal trial may result in a Confrontation Clause violation unless an exception is justified under the standard set forth in *State v. Thomas*, 2016-NMSC-024, ¶ 29, 376 P.3d 184. In probation revocation proceedings, however, "the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Castillo*, 2011-NMSC-014, ¶ 10, 290 P.3d 727 (alterations, internal quotation marks, and citation omitted). "[T]he right protected in probation revocation cases is not the Sixth Amendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the Fourteenth Amendment." *Id.* ¶ 12 (alterations, internal quotation marks, and citation omitted). Among the components of due process is the right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation within the meaning of the Fourteenth Amendment. *See id.* Our analysis of good cause for not allowing confrontation is "a kind of spectrum or sliding scale," *State v. Gutherie*, ¶ 40, 2011-NMSC-014, 150 N.M. 84, 257 P.3d 904, that balances competing interests in deciding whether confrontation is a procedural protection that the particular situation demands to achieve the truth-finding goal of evaluating contested relevant facts. *See id.* ¶¶ 12, 33, 40. Specifically, our inquiry considers whether: (1) "the assertion [is] central to the reasons for revocation[] or . . . collateral"; (2) "the assertion [is] contested by the probationer, or . . . the state [is] being asked to produce a witness to establish something that is essentially uncontroverted"; and (3) the assertion is "inherently reliable." *Id.* ¶¶ 34, 36.

**{10}** We discern no reversible error in the district court's decision to permit Mr. Arviso to testify via video. Under *Guthrie*, the assertions made were not ultimately central to the reasons for revocation because Defendant's probation was not revoked based on any of the Counts related to the transitional facilities manager's testimony. In addition, the testimony was made by a seemingly-neutral third party with no apparent, nor argued, motive to fabricate. *See id.* ¶ 40 ("On one end of the spectrum, where good cause for not requiring confrontation is likely, we would include situations in which the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate, . . . making the demeanor and credibility of the witness less relevant to the truth-finding process."). While Defendant does cite authority discussing generally the policy considerations underlying our general preference for live, in-person testimony, we conclude that the balance struck by our Supreme Court in *Guthrie* weighs in favor of "good cause" and does not require confrontation. Consequently, we conclude that Defendant's due process rights were not violated by the allowance of the video testimony.

**{11}** For the reasons outlined above and those contained in our notice of proposed disposition, we affirm the revocation of Defendant's probation.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**