This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42225**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TERRANCE DIXON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Stephen Wayne, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's order revoking his probation in three cases that were consolidated below for purposes of sentencing. [BIC 1] Specifically, Defendant argues that there was insufficient evidence establishing that he willfully violated his probation by failing to report in light of the fact that he was homeless and had limited means of communication and transportation. [BIC 6-9]

**{3}** Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. The violation must entail "willful conduct on the part of the probationer" in order to be sufficient grounds for revocation. *State v. Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339. When a "violation of probation is not willful, but resulted from factors beyond a probationer's control, probation may not be revoked." *Id.* ¶ 13. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Green*, 2015-NMCA-007, ¶ 22. However, "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (internal quotation marks and citation omitted).

**{4}** "We review [the] district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *Green*, 2015-NMCA-007, ¶ 22 (alterations, internal quotation marks, and citation omitted). Moreover, we "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

**{5}** The district court found that Defendant violated the terms of his probation by failing to report to his probation officer as required as a standard condition of his probation. [BIC 5] The evidence presented at the revocation hearing established that Defendant never reported for probation, including failing to report for even his initial intake. [BIC 2] Probation officers attempted to contact Defendant and pay him a field visit, but Defendant was not at his listed address. [BIC 2] Defendant testified that he failed to report to probation because he was homeless and without a cell phone after being released from jail. [BIC 3-4] Defendant also testified that he attempted to find the probation office, but was unable to because the office changed location. [BIC 8] However, Defendant admitted that he never requested a phone at the local churches he frequented, nor did he use the public access phones and computers at the library to contact probation, despite knowing that he was required to report to probation. [BIC 4]

**{6}** The district court concluded Defendant's failure to report and failure to make additional attempts to contact probation sufficient to find Defendant willfully violated the terms of his probation. [BIC 5-6] *See State v. Motes*, 1994-NMSC-115, ¶ 11, 118 N.M. 727, 885 P.2d 648 (stating that, because intent is subjective, it is rarely proved by direct evidence and is almost always inferred from other facts in the case). Viewing this evidence in the light most favorable to the district court's decision, *Erickson K.*, 2002-

NMCA-058, ¶ 21, we cannot say the district court abused its discretion in concluding that Defendant's explanation was insufficient to "to excuse non[]compliance." *Leon*, 2013-NMCA-011, ¶ 36. We therefore conclude that Defendant's probation revocation is supported by sufficient evidence of willfulness.

**{7}**     Based on the foregoing, we affirm the revocation of Defendant's probation.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**