This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42558**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ESAIA ANAYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     Defendant appeals from an order revoking his probation and committing him to the Department of Corrections. [RP 85-87] The district court found that Defendant "violated the terms and conditions of his probation by committing a violation of state law as alleged in [the State's motion to revoke probation]." [RP 85] The State's motion to revoke probation alleged that police arrested Defendant on new charges, including aggravated driving while intoxicated, two days after the district court imposed probation upon Defendant. [RP 59-62] On appeal, Defendant argues that the State failed to prove to a reasonable certainty that he violated his probation. [BIC 5]

**{3}**     "We review [the] district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (alterations, internal quotation marks, and citation omitted). Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *Id.* On appeal, we "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Green*, 2015-NMCA-007, ¶ 22. "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non[]compliance." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (internal quotation marks and citation omitted).

**{4}**     The district court held a hearing on the State's motion to revoke Defendant's probation. At that hearing, the State called three witnesses. [BIC 2] The first officer testified to pulling over Defendant because he noticed that Defendant was not wearing his seatbelt. [BIC 2] That officer testified that Defendant apparently stopped in the median, exited his vehicle, and approached the officer. [BIC 2] The officer stated that he noticed Defendant's breath smelled of alcohol and that Defendant had bloodshot, watery eyes. [BIC 2] Defendant denied drinking alcohol. [BIC 2] The officer requested help with a driving while intoxicated investigation. [BIC 2] The officer agreed that Defendant stopped his car, walked over without falling over, never lost his balance, and did not try to flee. [BIC 3]

**{5}**     The State called a second officer, the officer who arrived to assist in the driving while intoxicated investigation. This officer testified that he smelled an odor of alcohol on Defendant, saw that he had bloodshot, watery eyes, and that Defendant had slurred speech. [BIC 3] The officer testified that he had Defendant perform standardized field sobriety tests, and that he observed several clues of impairment during the administration of these tests. [BIC 3] The officer also testified that Defendant continued to deny that he consumed alcohol and explained his truck was in the median because the battery died. [BIC 3] This officer arrested Defendant for driving while intoxicated and took him to perform a breathalyzer test. [BIC 3] Defendant refused to take the test. [BIC 3] The officer testified that Defendant was "very aggressive," and that he said he wanted to fight the officer. [BIC 3] The officer testified that he charged Defendant with

aggravated driving while intoxicated because Defendant refused to give a breath sample. [BIC 3]

**{6}** Based on the information the State presented the district court, we conclude that the State met its burden of proving a probation violation with reasonable certainty. *See Erickson K.*, 2002-NMCA-058, ¶ 21. The evidence presented by the State supported the conclusion that Defendant committed a violation of state law, in violation of his probation. On appeal, Defendant asks this Court to consider potential defenses he may offer with regard to the aggravated driving while intoxicated charge. Defendant notes that one officer testified that Defendant informed him that he had a knee injury or that both of his knees were injured because of his work as a carpenter. [BIC 6] The officer also testified that Defendant performed some parts of the standardized field sobriety tests well, and that Defendant consistently denied consuming alcohol. [BIC 6] However, the State also presented a significant amount of evidence that supported that Defendant had committed a violation of state law—and proof of this violation was the State's burden at the probation revocation hearing. Again, on appeal, we "view[] the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *Id.* Here, we conclude that the State met its burden to prove Defendant violated probation to a reasonable certainty, such that a reasonable and impartial mind would believe that Defendant violated the terms of probation. *See Green*, 2015-NMCA-007, ¶ 22.

**{7}** Accordingly, we affirm the district court's revocation of Defendant's probation for the reasons stated above.

**{8}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**