This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42479**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**SELESTINO J. OWEN,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to this Court's general calendar notice with a modified briefing schedule. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022, we affirm.

**{2}** Defendant appeals from the district court's order revoking probation. [RP 123-25, 127] The district court found that Defendant violated his probation as charged in the State's motion to revoke probation, which alleged that Defendant violated state law by committing the offense of aggravated driving while intoxicated (refused testing). [RP 63, 65-67, 74, 123] Defendant argues that (1) there was insufficient evidence to prove to a reasonable certainty that he violated a state law by driving his vehicle while impaired [BIC 15], and (2) the State failed to prove that Defendant signed or reviewed the terms and conditions of his probation and he therefore had no notice of them [BIC 22].

**{3}** "We review a district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (alterations, internal quotation marks, and citation omitted). On appeal, we view "the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. The state has the burden of proving a probation violation to the district court with reasonable certainty. *Green*, 2015-NMCA-007, ¶ 22.

**{4}** At the adjudicatory hearing on the State's motion to revoke probation, the State called two witnesses, Defendant's probation officer [BIC 5], and the officer who conducted the traffic stop and administered standardized field sobriety tests (SFSTs) on Defendant [BIC 6]. The officer testified, in pertinent part, as follows: upon initiating the traffic stop, the officer observed Defendant was driving the vehicle and had bloodshot, watery eyes and slurred speech. [Id.] The officer detected the odor of alcohol and testified that, upon administration of SFSTs, he noticed several clues indicating Defendant's impairment. [BIC 6-7] The officer ultimately concluded Defendant was impaired and placed him under arrest. [BIC 7] The officer read aloud to Defendant the New Mexico Implied Consent Advisory regarding a breath test, and Defendant refused a test. [Id.] During the investigation, Defendant stated that he had consumed one beer, and the officer observed full, unopened containers of alcohol in the vehicle. [BIC 8-9]

**{5}** On appeal, Defendant acknowledges that the standard of proof for a probation violation is not proof beyond a reasonable doubt, *see id.*, but nevertheless urges this Court to consider case law focusing on the sufficiency of the evidence necessary to prove the offense of aggravated driving while intoxicated, rather than the standard of proof for a probation violation based on a violation of state law. [BIC 18] In so doing, Defendant challenges the reliability of the officer's testimony [BIC 19-20] and asserts that the officer's testimony lacked detail sufficient to corroborate impairment. [BIC 20] Defendant further contends that the State failed to present any evidence as to Defendant's "[o]bvious failure on testing," arguing that his performance on SFSTs does not support a finding of impairment given that he performed certain portions without issue and the officer did not explore Defendant's purported physical and medical limitations. [BIC 20-21; BIC 6, 8]

**{6}** Despite these assertions, Defendant's brief in chief makes clear that the State presented a significant amount of evidence that could support a conclusion that Defendant violated state law. [BIC 5-9] Defendant's assertion of contrary evidence does not demonstrate an abuse of discretion by the district court, nor does it provide a basis for reversal of the district court's order. *Cf. State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (providing that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because" the fact-finder is free to reject a "[d]efendant's version of the facts"). It is not this Court's role on appeal to reweigh the evidence. *See Erickson K.*, 2002-NMCA-058, ¶ 21. Instead, it is the district court's role, as fact-finder, to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. On appeal, "[w]e will not second-guess [the district court's] credibility determination." *State v. Multine*, 2025-NMCA-013, ¶ 27, ___P.3d___ (A-1-CA-41037, Mar. 20, 2025). Viewing the evidence in a light most favorable to the State and the judgment below, *see Erickson K.*, 2002-NMCA-058, ¶ 21, we conclude that the State presented evidence establishing with reasonable certainty that Defendant violated the terms of his probation. *See Green*, 2015-NMCA-007, ¶ 22. As such, we discern no abuse of discretion by the district court. *See id.*

**{7}** Defendant raises an additional issue regarding notice of the terms and conditions of his probation [BIC 22], arguing that the State violated his due process rights by failing to introduce evidence that he signed or reviewed the conditions of his probation. [BIC 24] Acknowledging that the issue is unpreserved, Defendant contends that this violation constitutes fundamental error. [Id.] We are not persuaded by this argument, given that both Defendant's brief in chief and the record proper clearly demonstrate that Defendant signed the plea agreement and the district court read aloud, on the record, the terms of Defendant's plea agreement, which Defendant stated he understood. [BIC 2-3; RP 51-56] The record further reflects that Defendant was provided with a copy of the judgment and sentence, which explicitly listed as a condition of probation that Defendant "[o]bey federal, state or local laws." [RP 60-61]

**{8}** Defendant does not provide argument or citation to authority demonstrating that the State was required to introduce evidence that Defendant signed or reviewed his conditions of probation, nor does he assert whether or how he was prejudiced by the State's failure to do so. Under our presumption of correctness in the rulings of the district court, and because Defendant has failed to demonstrate either prejudice or error, we conclude that the probation revocation proceedings did not violate Defendant's due process rights or otherwise constitute fundamental error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (providing that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *see also State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935 ("[I]n order to establish a violation of due process, a defendant must show prejudice."); *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (clarifying that we employ the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice" (internal quotation marks and citation omitted)); *State v. Romero*,

2023-NMSC-014, ¶ 6, 533 P.3d 735 (providing that our two-step analysis for fundamental error requires a threshold determination that error has occurred).

**{9}** For the foregoing reasons, we affirm.

**{10}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**